UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-22684-MORENO/LOUIS

ROBERT SCHULTZE,

    Plaintiff,

vs.

2K CLEVELANDER LLC,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

    This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 46). This motion was referred to the undersigned United States Magistrate Judge for a Report and Recommendation by the Honorable Federico A. Moreno, United States District Judge, on March 19, 2018 (ECF No. 65). Upon consideration of the briefing, the pertinent parts of the record, and being otherwise fully advised in the premises, the undersigned recommends **DENYING** Defendant's Motion for Summary Judgment.

**I.    BACKGROUND**

    Plaintiff Robert Schultze ("Plaintiff") was employed as a barback at Defendant 2K Clevelander LLC ("Defendant" or "the Clevelander") between July 2014 and September 2014 (ECF No. 47, Defendant's Facts ¶ 2). As a barback, Plaintiff's duties included stocking the bars and cleaning the bar area (*Id.* at ¶ 3).

    Plaintiff was paid no hourly wage but was compensated strictly from commissions (*Id.* at ¶ 6). According to Defendant, Plaintiff's commissions were based upon "a percentage of gross

1

sales or a percentage of service commissions generated by the bar, whichever was greater" (*Id.* at ¶ 7). The commissions were further calculated based on hours worked, specific duties involved, and the specific bars where the employee was assigned for his or her shift (*Id.* at ¶ 8).

During the time period Plaintiff was employed at the Clevelander, every bill presented to Clevelander customers had an 18% "service charge" added automatically to all food and beverage orders (ECF No. 46-1, Decl. of Kittine Moreno, at 2; ECF No. 48-1 at 58). This service charge was a key part of how Plaintiff's and other bartenders' pay was calculated, and was considered by Defendant as a "commission." The Parties dispute whether this charge to the customer was mandatory or discretionary. Defendant contends that the charge was not discretionary; it was applied to every bill for every customer, and as such, was consistently calculated for purpose of determining Plaintiff's "commission." Plaintiff maintains that the service charge was discretionary: Defendant removed the service charge for particular customers, or to take into account employee errors, and as a result the service charge was essentially a "gratuity" or "tip," not a compulsory commission. ECF No. 48. Plaintiff also maintains that tips in addition to the service charge, also known as "overtips," were improperly included as commissions.

Plaintiff worked overtime hours from time to time. He was not paid an overtime rate for such hours. *See* 29 U.S.C. § 207(a)(1). The Parties dispute whether Defendant was required to pay Plaintiff overtime, or whether Defendant's commission system was exempt from overtime requirements. Plaintiff was paid a total of $5,151.33 from July 2014 through September 2014 (ECF No. 47 at ¶ 15). According to Defendant's calculation, over those two months, Plaintiff worked for a total of 309.55 hours of work and was thus paid at a rate of $16.64 per hour ($5,151.33/309.55). *Id.* In 2014, the minimum wage in Florida was $7.93 per hour; as such, the

minimum overtime rate in Florida was $11.89 in 2014. Using Defendant's basis for calculation, Plaintiff's hourly rate exceeded 1.5 times the minimum wage. However, Plaintiff contends that his pay was calculated based on a demonstrably wrong number of hours and improperly crediting tips as commissions.

On July 18, 2017, Plaintiff filed his Complaint (ECF No. 1), alleging a single count for violation of the overtime provision under the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff alleges that Defendant was not entitled to the FLSA's exemption for a "bona fide commission scheme" and thus failed to pay Plaintiff time-and-a-half for all hours worked over 40 hours per week.

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must identify an absence of evidence to support the nonmoving party's case. *Id.* at 325. After the movant has met its burden under Rule 56(c), the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986). The non-moving party must come forward with "specific facts showing a genuine issue for trial." *Matsushita*, 475 U.S. at 587.

"A fact [or issue] is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial no reasonable jury could find for the nonmoving party," then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

### III.   ANALYSIS

This case turns on whether Plaintiff should have been paid time-and-a-half for overtime hours worked, or whether Defendant correctly classified him as exempt.

Defendant argues that it is entitled to summary judgment on Plaintiff's FLSA overtime claim because Plaintiff received commissions as part of his compensation and is therefore

exempt from the FLSA's overtime requirements. Plaintiff responds that Defendant was not entitled to the FLSA's exemption for a "bona fide commission scheme."

### A.     Overtime Commission Exemption Under 29 U.S.C. § 207(i) (Count I)

The central dispute in Defendant's motion is whether Plaintiff was subject to the FLSA's overtime exemption for commissions. Defendant insists that it satisfies the criteria for commissioned-employee exemption and that it was not required to comply with FLSA's overtime wage provision.

The FLSA requires an employer to pay an employee for hours worked over 40 in a week (overtime) at a rate not less than "one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); 29 C.F.R § 778.101. The FLSA also provides an exemption to the overtime requirement under Section 207(i) for commissioned employees of retail or service establishments:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 207 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i) (the "7(i) exemption"). As such, the 7(i) exemption applies if: (1) the employer is a retail or service establishment; (2) the regular rate of pay of the employee is in excess of one and one-half times the minimum hourly rate applicable to him under 29 U.S.C. § 206; and (3) more than half of the employee's compensation for a representative period (not less than one month) represents commissions on goods or services. *Id.* The employer bears the

5

burden of proving the 7(i) exemption by "clear and affirmative evidence." *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001).

Additionally, the employee's commission must stem from the application of a "bona fide commission rate." *Id.* While there is no exact definition for what constitutes a "bona fide" rate, guiding regulations and case law provide that the commission rate must be a "consistently applied methodology," but should not give employees a fixed compensation amount irrespective of their efforts or sales. *See Flores v. 2K Clevelander, LLC*, No. 1:16-CV-24083-UU, 2017 WL 5054565, at *5 (S.D. Fla. May 4, 2017); *see also Klinedinst*, 260 F.3d at 1256; 29 C.F.R. § 779.416. Courts in other circuits have provided factors for determining a "bona fide" rate, including: "(1) whether the commission is a percentage or proportion of the ultimate price passed onto the customer; (2) whether the commission is decoupled from actual time worked, providing an incentive for the employee to work efficiently and effectively; (3) whether the type of work lends itself to a standard eight-hour work day; and (4) whether the commission system offends the purposes of the FLSA. *Crawford v. Saks & Co.*, No. CV H-14-3665, 2016 WL 3090781, at *5 (S.D. Tex. June 2, 2016) (citing cases from Second, Third, Fifth, and Seventh Circuits).

At the center of the Parties' dispute, with respect to the exemption, is whether the "service charge" that was added to customers' checks constitutes a "commission" or a "gratuity (tip)." Defendant maintains that the service charge added to every customer's bill qualifies as a commission, not a gratuity, for purposes of applying the §7(i) exemption. Plaintiff contends that the service charge is a tip and cannot be a part of the commission system. This distinction is paramount to resolving this dispute because, by removing the service charge from the commission pool, Defendant cannot meet the second or third elements of the 7(i) exemption.[1]

---

[1] For purposes of the first element of the 7(i) exemption, there is no dispute that Defendant is a retail/service establishment.

While the FLSA itself does not specifically define what qualifies as a "tip/gratuity" or "commission," its implementing regulation offers the following guidance:

> A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him. It is to be distinguished from payment of a charge, if any, made for the service. Whether a tip is to be given, and its amount, are matters determined solely by the customer, who has the right to determine who shall be the recipient of the gratuity. Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

29 C.F.R. § 531.52. In contrast, "[a] compulsory charge for service, such as 15 percent of the amount of the bill, imposed on a customer by an employer's establishment, is not a tip and, even if distributed by the employer to its employees, cannot be counted as a tip received." *Shehata v. Sobe Miami, LLC*, No. 17-23175-CIV, 2018 WL 2995603, at *3 (S.D. Fla. June 14, 2018).

In sum, if the service charge was discretionary and therefore a tip/gratuity, then it was not a commission for purposes of the 7(i) defense, and thus cannot exempt Defendant from the FLSA's overtime requirements. *See Soliman v. SOBE Miami, LLC*, 312 F. Supp. 3d 1344, 1351 (S.D. Fla. 2018) (finding that service charge was discretionary and thus was not a commission for purposes of 7(i)).

Both Parties adduce evidence advancing their respective position as to the nomenclature and function of the service charge. Plaintiff points to the Clevelander's "Tipping Procedure" which stated that "The guest has the right to increase or decrease the service charge based on their perception of the service that was provided." ECF No. 48-1 at 58. Plaintiff also advances affidavits from former employees of the Clevelander, including Plaintiff himself,[2] which explain

---

[2] Plaintiff was not deposed.

that Defendant could remove the service charge from the check by means of a button on the register.

Defendant has adduced evidence in support of its contention that the charge was mandatory; specifically, that the service charge was built in to each customer's check, and only a supervisor or manager could remove it. In so admitting, defense counsel argued that something less than absolute application of the service charge still qualifies it as mandatory, not discretionary, an argument advanced without support in law or evidence that might establish how often the service charge was in fact waived. Defendant advances the declaration and deposition testimony of its corporate representative, Ms. Kittine Moreno, who attests that the charge was mandatory and that customers did not have the discretion to remove it. She further testified that the customers only had the discretion to adjust the optional gratuity amount on an additional line on the customer's receipt. Defendant contends that the procedure that Plaintiff proffered was only circulated to employees and was never actually implemented in practice.

It is hotly disputed whether the service charge was mandatory or discretionary, but both sides acknowledged it is material. Where there is a material dispute as to whether a service charge is mandatory or discretionary, an employer is not entitled to summary judgment on the 7(i) exemption affirmative defense. *See, e.g., Shehata*, 2018 WL 2995603, at *2-4 (denying employer's motion for summary judgment because a genuine issue of material fact existed as to whether service charge was mandatory or discretionary); *Virgin v. Escalante-Black Diamond Golf Club, LLC*, No. 5:13-CV-359-OC-10PRL, 2014 WL 12591472, at *3 (M.D. Fla. Aug. 4, 2014) (same).

Moreover, there is a genuine dispute as to whether Plaintiff's commission stemmed from the application of a "bona fide commission rate." In *Flores v. 2K Clevelander, LLC*, a similar

8

case involving the same Defendant, same attorneys, but a different plaintiff, the court denied Defendant's motion for summary judgment on its 7(i) affirmative defense because Defendant had not adduced sufficient evidence that would demonstrate that the plaintiff was compensated using a "bona fide commission rate." Defendant contends that the evidence it has adduced here compels a different result than in *Flores*.[3] Upon careful review of the evidence advanced, the undersigned disagrees.

In support of its affirmative defense, Defendant advances the affidavit and testimony of Ms. Moreno and its responses to Plaintiff's interrogatories, which describe the formula it purports to use. Specifically, Defendant presents the following formula of compensation during the months Plaintiff was employed by Defendant:

> Every check has an 18% service charge, the calculations of the bartenders' sales are totaled, from there, the Barbacks receive 3% of the total sales or 20% of the service charge (whichever is greater) to be divided amongst the Barbacks based on hours worked for that day.

ECF No. 46-2, Defendant's Answer to Plaintiff's Interrogatory No. 12. Other than this response and testimony of Ms. Moreno explaining how the compensation should be calculated, Defendant has not presented documentation showing that it was in fact thus applied (or correctly). Plaintiff contends that the formula in fact included "credit card over tips," where a customer gave an amount as an additional service charge and paid by credit card, whereafter that amount was captured with the automatic service charge. Inclusion of these tips would result in an unavoidably variable rate, as an "additional service charge" was indisputably an option and no consistent amount was given. The Court has serious doubts as to whether Defendant can

---

[3] Plaintiff's is one of several FLSA cases pending in this District against the Clevelander for alleged overtime violations, and in which the Defendant has asserted entitlement to the 7(i) exemption affirmative defense. The undersigned has similarly recommended denial of Defendant's motion for summary judgment on the affirmative defense on a more-fully developed record in another pending case. *See Mario Alban v. 2K Clevelander LLC*, Case No. 17-cv-23923, Report and Recommendations on Motions for Summary Judgment (ECF No. 72).

maintain a 7(i) exemption upon a "bona fide" commission rate where non-commissioned tips were commingled with the rest of the pool. Moreover, Defendant has admitted that it includes credit card "over-tips" in its calculation of the barback commission pool. *See* ECF No. 46-2, Defendant's Response to Plaintiff's Interrogatory Nos. 19, 20.

Because material issues of fact remain in dispute as to the nature of the service charge and whether Plaintiff was compensated using a "bona fide" commission rate, the undersigned recommends **DENYING** Defendant's Motion for Summary Judgment.

## IV.   RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** as follows:

(1) Defendant's Motion for Summary Judgment (ECF No. 46) should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the Parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the Parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** this 28th day of August, 2018.

                                                  LAUREN LOUIS
                                                  UNITED STATES MAGISTRATE JUDGE