UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-22684-FAM

ROBERT SCHULTZE and MARIO ALBAN,

    Plaintiff,

v.

2K CLEVELANDER, LLC,

    Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT.

COMES NOW Defendant, 2K CLEVELANDER, LLC by and through the undersigned attorneys, hereby files Defendant's Objections to Report and Recommendation on Motion for Summary Judgment (Hereinafter "ROR") [D.E. 84] filed in the case of ROBERT SCHULTZE v. 2K CLEVELANDER, LLC, and states as follows:

In the ROR, this Honorable Court recommended denying Defendant's Motion for Summary Judgment [D.E. 46]. *ROR* [D.E. 84]. The Clevelander respectfully objects to this denial as the Court relies on *Soliman* and *Shehata,* two factually related matters*, which were initially proffered by the Plaintiff as supplemental support of his arguments*, as a means to support its ROR. See *Soliman v. SOBE Miami, LLC*, No. 16-24943-CIV, 2018 U.S. Dist. LEXIS 81339, 2018 WL 2229129, at *5 (S.D. Fla. May 14, 2018) *Shehata v. Sobe Miami, LLC*, Civil Action No. 17-23175-Civ, 2018 U.S. Dist. LEXIS 99713, at *11 (S.D. Fla. June 14, 2018). *Soliman* and *Shehata* should not be afforded any weight in the present matter as they rely on bad law and importantly fail to follow binding Supreme Court precedent. *Id*.

*Soliman* and *Shehata* fail to follow binding precedent from the United States Supreme Court. The *Soliman* opinion came out over a month *after* the Supreme Court's ruling in *Encino Motorcars, LLC v. Navarro*, No. 16-1362, 2018 U.S. LEXIS 2065 (Apr. 2, 2018). **The Supreme Court proclaimed that courts should not give FLSA exemptions "anything other than a fair (rather than "narrow") interpretation."** *Id*. Despite this, in the court's opinion denying the Defendant's Motion for Summary Judgment, Judge Lenard of the United States Court for the Southern District of Florida held that:

> Whether the 20% service charge constituted a commission is a question of law. *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001). Moreover, **"exemptions 'are to be construed narrowly**,' and the employer shoulders the burden of establishing that it is entitled to an exemption." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1156 (11th Cir. 2008) (quoting *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 965 (11th Cir. 1997)). **The employer must satisfy this burden by "clear and affirmative evidence**." *Klinedinst, 260 F.3d at 1254* (quoting *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 805 (11th Cir. 1992)).
> *Soliman v. Sobe Miami, LLC*, No. 16-24943-CIV-LENARD/GOODMAN, 2018 U.S. Dist. LEXIS 81339, at *9 (S.D. Fla. May 14, 2018). (Emphasis Added).

Additionally, the factually related *Shehata* opinion, which was before Judge Scola, also of the United States Court for the Southern District of Florida, relied heavily on Soliman in issuing the court's opinion:

> **Most notably**, the other court in this district assessing this same issue has denied summary judgment on these same grounds. *Soliman v. SOBE Miami, LLC*, No. 16-24943-CIV, 2018 U.S. Dist. LEXIS 81339, 2018 WL 2229129, at *5 (S.D. Fla. May 14, 2018) *Shehata v. Sobe Miami, LLC*, Civil Action No. 17-23175-Civ, 2018 U.S. Dist. LEXIS 99713, at *11 (S.D. Fla. June 14, 2018) (Emphasis Added)

The court in *Soliman* clearly erred by construing the FLSA exemption narrowly in denying the defendant's summary judgment motion. It is clear that the court in *Soliman* did not rely on the binding United States Supreme Court precedent laid out in *Encino Motorcars, LLC* which establishes that courts should give FLSA exemptions a "fair", rather than "narrow" interpretation. It follows then that the *Shehata* opinion is also incorrect in that it relied on the

errant *Soliman* opinion in issuing its ruling. Because *Soliman* and *Shehata* fail to follow the binding Supreme Court Precedent laid out in *Encino Motorcars, LLC*, this Honorable Court should afford the *Soliman* and *Shehata* holdings no weight and only give the Defendant's 7(i) exemption a "fair", rather than "narrow" interpretation.

**WHEREFORE,** the Defendant, 2K CLEVELANDER, LLC, respectfully requests that this Honorable Court reconsider its denial of Defendant's Motion for Summary Judgment [D.E. 46] without affording any weight to the *Soliman* and *Shehata* cases proffered by the Plaintiff and accordingly Grant Defendant's Motion for Summary Judgment [D.E. 46]".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of September, 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant 2K CLEVELANDER, LLC*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Facsimile (305) 373-2294
Primary e-mail: cody.german@csklegal.com
Secondary e-mail: cody.german@csklegal.com

By:   s/ John Cody German
      JOHN CODY GERMAN
      Florida Bar No.: 58654
      STEVEN EHRLICH
      Florida Bar No.: 91409
      ANDREW SIMON
      Florida Bar No.: 1002623

1011.0025-00/11392984