UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-22684-MORENO/LOUIS
Consolidated Case No.: 17-cv-23923-MORENO/LOUIS

ROBERT SCHULTZE and MARIO ALBAN,

      Plaintiff,

vs.

2K CLEVELANDER, LLC,

      Defendant.

_____/

**PLAINTIFF, MARIO ALBAN'S, RESPONSE IN OPPOSITION TO
DEFENDANT'S UNTIMELY OBJECTION TO REPORT &
RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff, Alban, responds in opposition to Defendant's untimely "Objection to Report & Recommendation on Motions for Partial Summary Judgment" ("Objection") (Doc. 94) and states:

1.      Defendant has not objected to any specific factual finding but rather has made only general objections and, therefore, there is no requirement of de novo review.  "[W]here a litigant fails to offer specific objections to a magistrate judge's factual findings, there is no requirement of *de novo* review."  Kohsher v. Protective Life Corp., 649 Fed.Appx. 774,  (11th Cir. 2016) citing Garvey v. Vaughn, 993 F.2d 776, 779 & n.9 (11th Cir. 1993).

2.      While the Objection at least generally mentions the spreadsheets in regards to the R&R's recommendation that Plaintiff's Motion be granted in part, Defendant's argument in support of its own Motion mentions no specific facts at all but only challenges the citation of two cases.  In Garvey, the Court explained: "Because Johnson did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings."  993 F.2d at 779 & n.9 (11th Cir. 1993).

1

3.      Plaintiff, Alban, worked for the Clevelander as a bartender.  He was never paid overtime; was forced to work off the clock; was never paid a base wage; and the Clevelander consistently miscalculated his pay by understating his hours worked on pay spreadsheets.  During the course of FLSA litigation, Defendant willfully destroyed all of the reports used to calculate Plaintiff's pay in a massive hidden shredding operation that was only recently revealed. [1]

4.      Plaintiff filed claims for (1) violation of the FLSA seeking unpaid overtime and/or minimum wages owed; and (2) a common law claim for unpaid wages.  The Clevelander moved for Summary Judgment on an attempted 29 U.S.C. §207(i) overtime exemption affirmative defense, however, it never provided a single example of the calculation of Plaintiff's pay.  It also conceded at oral argument that whether service charges were discretionary is disputed.

5.      Defendant challenges Magistrate Judge Lauren F. Louis' Report and Recommendation (Alban, Doc. 72) on the Alban Motions for Summary Judgment in its untimely six paragraph Objection.  Defendant has waived every objection that it failed to raise. [2]  Further, because its Objections are neither timely **nor specific** as required, the Objection does not sufficiently put any facts or issues before the Court. [3]  The entirety of the four paragraphs of the objection in support of its own Motion is that one of the cases cited stated that exemptions are "narrowly" construed.

---

[1] Defendant conceded at oral argument that it shredded all of these end of shift reports during FLSA litigation. This destruction was only recently revealed during cross examination of the corporate representative, as discussed in Plaintiff's pending motion for relief.  Plaintiff's motion for relief for this destruction of evidence is currently pending.  Alban v. 2K Clevelander, LLC, Case No. 17-cv-23923-MORENO/LOUIS, Doc. 63 *consolidated with* Schultze v. 2K Clevelander, LLC, Case No. 17-cv-22684-MORENO/LOUIS. These documents are not customer receipts. Id.
[2] In support of its Motion for Summary Judgment, the objection never argues that any particular fact is not in dispute.  In other words, it never points to any facts that it argues are undisputed.
[3] Kohsher v. Protective Life Corp., 649 Fed.Appx. 774,  (11th Cir. 2016) citing Garvey v. Vaughn, 993 F.2d 776, 779 & n.9 (11th Cir. 1993); W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC, 08-80897, 2010 WL 11504913, at *2 (S.D. Fla. Jan. 14, 2010)

6.    This is not a specific objection, as it does not state which of the facts the R&R found to be disputed are undisputed.  Presumably, the argument of the relevance of whether exemptions are "narrowly" construed or not has some connection with some question of fact, but the Defendant never states what this question of fact is (and the R&R itself never says exemptions are 'narrowly' construed).

7.    It also does not address any law it thinks was incorrectly applied because of the citation to the <u>Soliman</u> [4] decision nor does it explain why the citation in <u>Soliman</u> that exemptions are "narrowly" construed would change the law for which it is cited.

8.    After more than 100 pages of briefing and four hours or oral argument, an argument that one of the cases cited said exemptions are 'narrowly' construed is far from the specificity required to properly lodge an objection and trigger a de novo review.

9.    Magistrate Judge Lauren F. Louis, after reviewing all of the briefing and evidence and holding a four half and fifteen-minute oral argument, recommended that Defendant's Motion be denied for multiple independently sufficient reasons and that Plaintiff's Motion should be denied in part and granted in part.

10.    As one of the independently sufficient reasons for denying Defendant's Motion, Magistrate Judge Louis agreed with the Court's reasoning in <u>Flores v. 2K Clevelander, LLC</u>, wherein the <u>Flores</u> Court found that, *inter alia*, the Clevelander failed to present records showing it actually used the claimed payment methodology. [5]

---

[4] <u>Soliman v. SOBE Miami, LLC</u>, 312 F.Supp.3d 1344 (S.D. Fla. 2018)(*Lenard, J.*)
[5] <u>Flores v. 2K Clevelander, LLC</u>, No.16-cv-24083-UU, 2017 WL 5054565 (May 4, 2017) ("The description of Plaintiff's pay structure is, to say the least, conclusory and lacks the relevant facts which would show the applicability of the exemption. … The Court, therefore, agrees with Plaintiff that Defendant seeks to "circumvent FLSA's overtime requirements by presenting a fictional commission scheme to the court"…)

11.     Magistrate Judge Louis explained that here the Clevelander "had not adduced sufficient evidence" and explained: "Other than [an interrogatory answer] and testimony of [the corporate representative] explaining how the compensation should be calculated, **Defendant has not presented any documentation showing that this was in fact applied (or correctly)."** R&R at p.9-11 (emphasis supplied).  Defendant's untimely objection never addresses this issue.

12.     The Motions were fully briefed in approximately 100 pages of Memorandum and Statements of Fact, and these Motions were a major focus of a four hour and fifteen-minute oral argument in which Magistrate Judge Lauren F. Louis meticulously exhausted every argument.

13.     At this oral argument, the Defendant conceded that there is a dispute over whether service charges are discretionary.  The Defendant also conceded at the oral argument that the ADP hours are not reflected on the spreadsheets.

14.     It cannot be disputed that the spreadsheets understate the ADP hours: all that is required is looking at the ADP hours and then looking at the spreadsheets hours.  In fact, the Defendant conceded in its Response Statement of Facts that: "The Defendant does not dispute that Plaintiff's spreadsheet affidavit correctly illustrates instances in which the spreadsheets hours are less than those stated on the corresponding ADP timecard hours." (Alban, Doc. 47 ¶7) and "The Defendant does not dispute that the spreadsheet printout in Plaintiff's Exhibit 'A' correctly lists the spreadsheet hours and ADP hours worked by the Plaintiff." (Id. at ¶9).

15.     The burden was shifted to the Clevelander on this issue, and the Clevelander never came back with any evidence to refute the fact that the spreadsheets understate the actual hours worked.

16.     Defendant's entire challenge in support of its own Motion is that Judge Lenard's decision in Soliman mentioned that exemptions are "narrowly" construed.

17.     Judge Scola's decision in Shehata **never** said exemptions are "narrowly" construed. And the Report & Recommendation here never said exemptions are "narrowly" construed.  There is no question that exemptions are affirmative defenses and must be proved by the employer.  The 'narrow' versus 'fair' concept is irrelevant here.

18.     The oral argument and briefing extended far beyond the Soliman case mentioned in the Objection, and the parties discussed every other case that deals with 'discretionary service charges'.  Every single case is consistent with Magistrate Judge Louis' findings in the Report & Recommendation, and Defendant has never cited a single contrary case.  E.g., Soliman v. SOBE Miami, LLC, 312 F.Supp.3d 1344 (S.D. Fla. 2018)(*Lenard, J.*)("If payment of a service charge is within the customer's discretion, it is not a 'commission,' it is a 'gratuity' or 'tip');  Shehata v. SOBE Miami, LLC, 17-cv-23175-Civ-SCOLA (denying Motion for Summary Judgment as to 7(i) exemption because of dispute over whether service charges were discretionary); Virgin v. Escalante-Black Diamond Golf Club, LLC, No. 13-cv-359-OC-10PRL, 2014 WL 12591472, at *1 (M.D. Fla. Aug. 4, 2014); Cachola-Bonilla v. Wyndham El Conquistador Resort & Country Club, 577 F.Supp.2d 566, 574 (D.P.R. 2008);  Hart v. Rick's Cabaret Int'l, Inc., 967 F.Supp.2d 901, 932 (S.D.N.Y. 2013).

19.     The 7(i) exemption is an affirmative defense, and it is the Defendant's burden to prove.  Defendant has shown no connection between the 'narrow' versus 'fair' argument and the issue of 'discretionary service charges'.  The R&R found that the facts are disputed: that is what is relevant to a summary judgment motion.  Defendant never provided a single case disputing these

decisions and has still not provided a single case that contradicts the established law that 'discretionary service charges' are tips that cannot satisfy the 7(i) exemption.

20.     The Objection's argument in support of its Motion for Summary Judgment in <u>Alban</u> and in opposition to Magistrate Judge Louis' R&R is that the R&R cited a case that said exemptions should be construed 'narrowly'.  That is literally the whole argument in support of its Motion for Summary Judgment.  Every other challenge has been abandoned.  Defendant never argues that 'discretionary service charges' can satisfy the 7(i) exemption; never argues that service charges were mandatory; and never addresses the other basis on which the R&R found Defendant failed to prove its exemption.

21.     Defendant's untimely six paragraph objection never addresses the discretionary service charge issue itself, and Defendant never argues in its objection that discretionary service charges can satisfy the 7(i) exemption.

22.     Notably, the R&R never states that exemptions should be "narrowly" construed.

23.     As with Defendant's Motion, the Objection also never addresses the minimum wage portion of Count I, as the 7(i) exemption is an overtime exemption (base wage is owed because Plaintiff was only given tips, and Plaintiff never used a tip credit and has never even alleged use of a tip credit).  It has forfeited any argument that this portion of Plaintiff's claim should be dismissed as well with the six paragraph Objection.

CONCLUSION

In addition to the reasons provided in Plaintiff's briefing in support of his Motion for Summary Judgment; in opposition to Defendant's Motion for Summary Judgment; in the oral argument (and in the analysis in the R&R itself), Defendant's Objection should be denied and the R&R should be adopted for the following reasons:

6

a. The Defendant's Objection was not filed during the objection period which ended on September 11, 2018;

b. The Defendant's Objections are not specific; *e.g.*, the Objections in support of its Motion do not point to a single fact it believes is undisputed;

c. The Defendant's Objection never challenges the Court's finding as to any of the facts that the Court found were disputed (*e.g.* whether service charges were discretionary);

d. The Objection never addresses the R&R finding that Defendant failed to put forward evidence that it actually used the claimed compensation scheme;

e. The Objection never argues that discretionary service charges can satisfy the 7(i) exemption;

f. The Objection never addresses the improper treatment of "overtips" as "commissions";

g. The Objection never argues that <u>Soliman</u> and <u>Shehata</u> were incorrect in their legal conclusion that discretionary service charges cannot satisfy the 7(i) exemption (and every other case that is consistent with those opinions);

h. The Objection never mentions that Defendant conceded at the hearing on its Motion that there was a dispute as to whether the service charge was discretionary; and

i. The Defendant's Objection does not address a single issue of fact in its Objection.

**WHEREFORE**, Plaintiff respectfully requests that the Court adopt the Report & Recommendation entered by Magistrate Judge Lauren F. Louis; grant Attorneys' Fees and Costs if proper; and grant such other relief as may be deemed just and proper.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the

Clerk of the Court using CM/ECF and thereby served to all attorneys on the attached service list

on September 13, 2018.

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: 305-397-8077
Facsimile: 305-763-8057

<u>*/s/ Paul A. Sack, Esq.*</u>
Paul A. Sack, Esq.
Fla. Bar. No.: 363103
Primary: paul@paulsacklaw.com
ps1619@bellsouth.net

R. Brandon Deegan, Esq.
Fla. Bar No.: 117368
Primary: deegan@paulsacklaw.com
gallagkr@gmail.com

8

### SERVICE LIST

JOHN CODY GERMAN, ESQ.
Fla. Bar No. 58654
Cole, Scott & Kissane, P.A.
Attorney for Defendant
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone: (786) 268-6441
Facsimile: (305) 373-2294
Primary: cody.german@csklegal.com
yvonne.orosa@csklegal.com

PAUL A. SACK, ESQ.
Fla. Bar No. 363103
Paul A. Sack, P.A.
Attorney for Plaintiff
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: (305) 397-8077
Facsimile: (305) 763-8057
Primary: paul@paulsacklaw.com
ps1619@bellsouth.net

STEVEN EHRLICH, ESQ.
Fla. Bar No. 91409
Cole, Scott & Kissane, P.A.
Attorney for Defendant
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone: (786) 268-6441
Facsimile: (305) 373-2294
Primary: Steven.Ehrlich@csklegal.com
Yvonne.orosa@csklegal.com

R. BRANDON DEEGAN, ESQ.
Fla. Bar No. 117368
Paul A. Sack, P.A.
Attorney for Plaintiff
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: (305) 397-8077
Facsimile: (305) 763-8057
Primary: deegan@paulsacklaw.com
gallagkr@gmail.com

ANDREW SIMON, ESQ.
Fla. Bar No. 1002623
Cole, Scott & Kissane, P.A.
Attorney for Defendant
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone: (786) 268-6441
Facsimile: (305) 373-2294
Primary: Andrew.Simon@csklegal.com
Magaly.Triana@csklegal.com

THOMAS LARNED, ESQ.
Fla. Bar No. 1002344
Attorney for Plaintiff
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: (305) 397-8077
Facsimile: (305) 397-8077
tlarned@thejusticegroupconsulting.com