UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-22684-FAM

ROBERT SCHULTZE and MARIO ALBAN,

    Plaintiff,

v.

2K CLEVELANDER, LLC,

    Defendant.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT

COMES NOW Defendant, 2K CLEVELANDER, LLC by and through the undersigned attorneys, hereby files Defendant's Reply in Support of Defendant's Objections to Report and Recommendation on Motions for Summary Judgment [D.E. 94].

The Plaintiff, in his Response [D.E. 96], never properly addresses the elephant in the room, that the *Soliman* and *Shehata* opinions fail to follow binding precedent from the United States Supreme Court. See *Soliman v. SOBE Miami, LLC*, No. 16-24943-CIV, 2018 U.S. Dist. LEXIS 81339, 2018 WL 2229129, at *5 (S.D. Fla. May 14, 2018) *Shehata v. Sobe Miami, LLC*, Civil Action No. 17-23175-Civ, 2018 U.S. Dist. LEXIS 99713, at *11 (S.D. Fla. June 14, 2018). As detailed in Defendant's Objections to Report and Recommendation on Motions for Summary Judgment [D.E. 94], the *Soliman* opinion came out over a month *after* the Supreme Court's ruling in *Encino Motorcars, LLC v. Navarro*, No. 16-1362, 2018 U.S. LEXIS 2065 (Apr. 2, 2018). **The Supreme Court proclaimed that courts should not give FLSA exemptions "anything other than a fair (rather than "narrow") interpretation**." *Id*. Despite this, in the

court's opinion denying the defendant's motion for summary judgment, the court in *Soliman* incorrectly applied a narrow, rather than fair exemption. No. 16-24943-CIV-LENARD/GOODMAN, 2018 U.S. Dist. LEXIS 81339, at *9 (S.D. Fla. May 14, 2018). Accordingly, this made the defendant's burden for achieving Summary Judgment significantly more burdensome, and unfairly at that.

In his Response, Plaintiff misleadingly states that the *Shehata* opinion never said exemptions are narrowly construed. *Response* [D.E. 96]. However, without rehashing the arguments laid out in Defendant's Objections [D.E. 94], this is simply not true. *Soliman* and *Shehata* were factually related cases. *Shehata*, Civil Action No. 17-23175-Civ, 2018 U.S. Dist. LEXIS 99713, at *11 (S.D. Fla. June 14, 2018). And the court in Shehata specifically relied on the Soliman ruling in issuing its opinion:

> **Most notably**, the other court in this district assessing this same issue has denied summary judgment on these same grounds. *Soliman v. SOBE Miami, LLC*, No. 16-24943-CIV, 2018 U.S. Dist. LEXIS 81339, 2018 WL 2229129, at *5 (S.D. Fla. May 14, 2018) *Shehata v. Sobe Miami, LLC*, Civil Action No. 17-23175-Civ, 2018 U.S. Dist. LEXIS 99713, at *11 (S.D. Fla. June 14, 2018) (Emphasis Added)

Importantly, it was the Plaintiff who proffered the aforementioned *Soliman* and *Shehata* opinions to the Court for consideration in issuing their Report and Recommendation. The Court then relied on and cited to these opinions in issuing its Report and Recommendation. Accordingly, the Court may have inadvertently applied a narrow construction to the Defendant's 7(i) exemption defense in issuing its opinion, hence the objection if this is indeed the case. In the interests of justice and fairness, the Clevelander prays that this Honorable Court reconsider its denial of Defendant's Motion for Summary Judgment [D.E. 41] (filed in the case of MARIO ALBAN v. 2K CLEVELANDER, LLC under prior Case No. 17-cv-23923-FAM prior to its

consolidation with the instant case) by viewing its exemption with a fair interpretation and accordingly affording no weight to the *Soliman* and *Shehata* cases proffered by the Plaintiff.

Additionally, in his Response [D.E. 96], the Plaintiff also ignores the argument regarding the spreadsheet discrepancies. Defendant does not dispute that Plaintiff has pointed out that there is a discrepancy between the spreadsheets and the ADP records. However, calling the commission spreadsheets "understated" heavily implies that the commission sheets recordation of hours should be afforded less weight than the ADP recordation or that this means that the Plaintiff was underpaid. However, Plaintiff has not provided any evidence to illustrate that the ADP recordation should be relied on or be afforded more weight than the spreadsheet recordation. Accordingly, we pray this Honorable Court to accordingly issue a ruling that reflects the discrepancy without the inference of affording more weight to the ADP records.

**WHEREFORE,** the Defendant, 2K CLEVELANDER, LLC, respectfully requests that this Honorable Court reconsider its denial of Defendant's Motion for Summary Judgment [D.E. 41] (filed in the case of MARIO ALBAN v. 2K CLEVELANDER, LLC under prior Case No. 17-cv-23923-FAM prior to its consolidation with the instant case) without affording any weight to the *Soliman* and *Shehata* cases proffered by the Plaintiff; accordingly Grant Defendant's Motion for Summary Judgment [D.E. 41] (filed in the case of MARIO ALBAN v. 2K CLEVELANDER, LLC under prior Case No. 17-cv-23923-FAM prior to its consolidation with the instant case); or alternatively revise its order Granting Plaintiff's motion to reflect only that there is a "discrepancy between the wage calculation spreadsheets and the time records", not that the wage calculation spreadsheets are "understated".

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of September, 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant 2K CLEVELANDER, LLC*
        Cole, Scott & Kissane Building
        9150 South Dadeland Boulevard, Suite 1400
        P.O. Box 569015
        Miami, Florida 33256
        Telephone (786) 268-6415
        Facsimile (305) 373-2294
        Primary e-mail: cody.german@csklegal.com
        Secondary e-mail: steven.ehrlich@csklegal.com

By:   s/ Steven Ehrlich
        JOHN CODY GERMAN
        Florida Bar No.: 58654
        STEVEN EHRLICH
        Florida Bar No.: 91409

1011.0025-00/11487009