UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-22684-FAM

ROBERT SCHULTZE and MARIO ALBAN,

    Plaintiff,

v.

2K CLEVELANDER, LLC,

    Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT**

    COMES NOW Defendant, 2K CLEVELANDER, LLC by and through the undersigned attorneys, hereby files Defendant's Reply in Support of Defendant's Objections to Report and Recommendation on Motions for Summary Judgment regarding Plaintiff Robert Schultze [D.E. 95].

    The Plaintiff, in his Response [D.E. 97], never properly addresses the elephant in the room, that the *Soliman* and *Shehata* opinions fail to follow binding precedent from the United States Supreme Court. See *Soliman v. SOBE Miami, LLC*, No. 16-24943-CIV, 2018 U.S. Dist. LEXIS 81339, 2018 WL 2229129, at *5 (S.D. Fla. May 14, 2018) *Shehata v. Sobe Miami, LLC*, Civil Action No. 17-23175-Civ, 2018 U.S. Dist. LEXIS 99713, at *11 (S.D. Fla. June 14, 2018). As detailed in Defendant's Objections to Report and Recommendation on Motions for Summary Judgment [D.E. 95], the *Soliman* opinion came out over a month *after* the Supreme Court's ruling in *Encino Motorcars, LLC v. Navarro*, No. 16-1362, 2018 U.S. LEXIS 2065 (Apr. 2, 2018). **The Supreme Court proclaimed that courts should not give FLSA exemptions "anything other**

**than a fair (rather than "narrow") interpretation**." *Id*. Despite this, in the court's opinion denying the defendant's motion for summary judgment, the court in *Soliman* incorrectly applied a narrow, rather than fair exemption. No. 16-24943-CIV-LENARD/GOODMAN, 2018 U.S. Dist. LEXIS 81339, at *9 (S.D. Fla. May 14, 2018). Accordingly, this made the defendant's burden for achieving Summary Judgment significantly more burdensome, and unfairly at that.

In his Response, Plaintiff misleadingly states that the *Shehata* opinion never said exemptions are narrowly construed. *Response* [D.E. 97]. However, without rehashing the arguments laid out in Defendant's *Objections* [D.E. 95], this is simply not true. *Soliman* and *Shehata* were factually related cases. *Shehata*, Civil Action No. 17-23175-Civ, 2018 U.S. Dist. LEXIS 99713, at *11 (S.D. Fla. June 14, 2018). And the court in Shehata specifically relied on the Soliman ruling in issuing its opinion:

> **Most notably**, the other court in this district assessing this same issue has denied summary judgment on these same grounds. *Soliman v. SOBE Miami, LLC*, No. 16-24943-CIV, 2018 U.S. Dist. LEXIS 81339, 2018 WL 2229129, at *5 (S.D. Fla. May 14, 2018) *Shehata v. Sobe Miami, LLC*, Civil Action No. 17-23175-Civ, 2018 U.S. Dist. LEXIS 99713, at *11 (S.D. Fla. June 14, 2018) (Emphasis Added)

Importantly, it was the Plaintiff who proffered the aforementioned *Soliman* and *Shehata* opinions to the Court for consideration in issuing their Report and Recommendation. The Court then relied on and cited to these opinions in issuing its Report and Recommendation. Accordingly, the Court may have inadvertently applied a narrow construction to the Defendant's 7(i) exemption defense in issuing its opinion, hence the objection if this is indeed the case. In the interests of justice and fairness, the Clevelander prays that this Honorable Court reconsider its denial of Defendant's Motion for Summary Judgment [D.E. 46] by viewing its exemption with a fair interpretation and accordingly affording no weight to the *Soliman* and *Shehata* cases proffered by the Plaintiff.

**WHEREFORE,** the Defendant, 2K CLEVELANDER, LLC, respectfully requests that this Honorable Court reconsider its denial of Defendant's Motion for Summary Judgment [D.E. 46] without affording any weight to the *Soliman* and *Shehata* cases proffered by the Plaintiff; and accordingly Grant Defendant's Motion for Summary Judgment [D.E. 46].

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant 2K CLEVELANDER, LLC*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (786) 268-6415
> Facsimile (305) 373-2294
> Primary e-mail: cody.german@csklegal.com
> Secondary e-mail: steven.ehrlich@csklegal.com
>
> By:  s/ Steven Ehrlich
> JOHN CODY GERMAN
> Florida Bar No.:  58654
> STEVEN EHRLICH
> Florida Bar No.:  91409

1011.0025-00/11495830

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX