UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-22684-CIV-MORENO

ROBERT SCHULTZE and MARIO ALBAN,

    Plaintiffs,

vs.

2K CLEVELANDER, LLC,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE LOUIS'S REPORTS AND RECOMMENDATIONS

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on: (1) the Defendant's Motion for Summary Judgment **(D.E. 46)** in Case No. 17-22684, filed on **January 30, 2018**; (2) the Defendant's Motion for Summary Judgment **(D.E. 41)** in Case No. 17-23923, filed on **April 30, 2018**; and (3) the Plaintiff's Motion for Partial Summary Judgment **(D.E. 44)** in Case No. 17-23923, filed on **April 30, 2018**.[1] Magistrate Judge Louis filed a Report and Recommendation **(D.E. 84)** in Case No. 17-22684 on **August 28, 2018**, and a Report and Recommendation **(D.E. 72)** in Case No. 17-23923 on **August 28, 2018**. The Court has reviewed the entire file and record. The Court reviewed the issues raised by the objections to the Reports and Recommendations, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Reports and Recommendations are **AFFIRMED** and **ADOPTED**.

---

[1] *Schultze v. 2K Clevelander, LLC*, Case No. 17-22684 and *Alban v. 2K Clevelander, LLC*, Case No. 17-23923 were consolidated on September 10, 2018. (*See* **D.E. 91**.)

Under the Fair Labor Standards Act, an employee who works more than forty hours in a workweek must be paid one and one-half times their regular rate for every hour worked in excess of forty. 29 U.S.C. § 207(a)(1). But an employer is not required to pay the one and one-half times rate if: (1) the employee works in a service establishment; (2) the employee's regular rate of pay exceeds one and one-half times the applicable minimum hourly rate; and (3) more than half the employee's compensation for a representative period (not less than one month) represents "commissions on goods or services." 29 U.S.C. § 207(i). Here, the core issue is whether the Defendant's "service charge" is a "commission" for purposes of determining the Plaintiffs' compensation under § 207(i). This Court agrees with Magistrate Judge Louis that a genuine dispute of material fact exists regarding this central issue.

Plaintiffs Robert Schultze and Mario Alban were employed at Defendant 2K Clevelander LLC as a barback and bartender, respectively. The Plaintiffs were not paid an hourly wage but were instead compensated from "commissions" based on a formula comprising many factors. During their employment, every bill presented to the Defendant's customers automatically added a "service charge" to all food and beverage orders.

The Parties dispute whether this "service charge" is mandatory or discretionary. The Plaintiffs contend the "service charge" is discretionary; that is, it functions as a "gratuity" or "tip" because the Defendant can remove the service charge for certain customers, or to account for employee errors. To support their argument, the Plaintiffs present affidavit evidence that the Defendant can remove the "service charge" at the register. The Plaintiffs also present evidence of the Defendant's "Tipping Procedure," which states "[t]he guest has the right to increase or decrease the service charge based on their perception of the service that was provided."

The Defendant responds that the "service charge" is mandatory because it is added to

every bill for every customer and is consistently calculated for purposes of determining employee compensation under the "commission" formula. The Defendant also presents evidence to support its position. Specifically, the Defendant offers affidavit and deposition testimony of its corporate representative stating that customers do not have discretion to remove the "service charge," and that the procedure the Plaintiffs reference was never implemented into practice.

Magistrate Judge Louis concluded the conflicting evidence shows there is a genuine dispute of material fact regarding whether the "service charge" is discretionary or mandatory, and thus whether the "service charge" is a "commission" under § 207(i) of the Fair Labor Standards Act. Accordingly, Magistrate Judge Louis recommends denying the Parties' motions for summary judgment—as indeed, two other courts in this District have denied summary judgment motions under similar facts. *See Soliman v. SOBE Miami, LLC*, 312 F. Supp. 3d 1344, 1351 (S.D. Fla. 2018) (denying Defendant's summary judgment motion and finding the Defendant's "service charge" was discretionary and thus not a "commission" under § 207(i)); *Shehata v. Sobe Miami, LLC*, No. 17-23175-CIV, 2018 WL 2995603, at *3 (S.D. Fla. June 14, 2018) (denying Defendant's summary judgment motion and finding that whether the Defendant's "service charge" was mandatory or discretionary hinged on factual determinations).

These cases are the principle target of Defendant's objections to Magistrate Judge Louis's Reports and Recommendations. The Defendant argues this Court should reconsider the Reports and Recommendations because, by citing the *Soliman* and *Shehata* cases, Magistrate Judge Louis "may have inadvertently applied a narrow construction" to the Defendant's § 207(i) exemption defense in light of recent Supreme Court precedent. Generally, the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2). But when a party "fails to offer specific objections" to "factual findings, there

3

is no requirement of *de novo* review." *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Garvey v. Vaughn,* 993 F.2d 776, 779 & n.9 (11th Cir. 1993)). Here, the Defendant's objections do not dispute any of Magistrate Judge Louis's factual findings. Consequently, the Court reviews the Reports and Recommendations for abuse of discretion. *Id.* (citing *Stephens v. Tolbert,* 471 F.3d 1173, 1175 (11th Cir. 2006)).

Defendant's objections to cited case law—reviewed for abuse of discretion—are unavailing. First, while the Supreme Court recently rejected the canon that exemptions under the Fair Labor Standards Act should be construed narrowly, *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018), neither of the judgments in *Soliman* or *Shehata* relied upon a narrow construction of the Act. Indeed, the court's ruling in *Soliman* that the "service charge" at issue was discretionary and thus not a "commission" under the Act was supported by ample authority. *See Soliman*, 312 F. Supp. 3d at 1350–52 (collecting cases). Thus, the court did not need to narrowly construe the Act to reach its decision—nor did the court assert as such. Furthermore, as the Plaintiff points out, the *Shehata* decision never stated the Act must be narrowly construed. Defendant still objects that *Shehata* "specifically relied on the *Soliman* ruling in issuing its opinion." But like *Soliman*, the *Shehata* ruling did not rest on a narrow construction of the Act, but instead relied upon several cases issuing similar rulings. *See Shehata*, 2018 WL 2995603, at *3–4 (collecting cases).

Second, even if the Reports and Recommendations narrowly construe the Act, the Defendant fails to articulate how the narrow reading changes the genuine dispute of material fact—whether the "service charge" is discretionary or mandatory.

Simply put, "whether the service charge [is] mandatory or discretionary hinges on factual determinations" and "in order to determine these 'facts' . . . the [jury will] have to weigh the

4

evidence the parties have presented." *Id.* at *4. The Parties present conflicting evidence at summary judgment to support their positions. The Plaintiffs argue the "service charge" is discretionary; the Defendant argues the "service charge" is mandatory. This is a genuine dispute of material fact. Fed. R. Civ. P. 56(a). Accordingly, it is

**ADJUDGED** that:

(1) Defendant's Objections to the Reports and Recommendations **(D.E. 94–95)** are **OVERRULED**;

(2) Defendant's Motion for Summary Judgment **(D.E. 46)** in Case No. 17-22684 is **DENIED**;

(3) Defendant's Motion for Summary Judgment **(D.E. 41)** in Case No. 17-23923 is **DENIED**; and

(4) Plaintiff's Motion for Partial Summary Judgment **(D.E. 44)** in Case No. 17-23923 is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this _26th_ of September 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lauren F. Louis

Counsel of Record