# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 17-cv-22684-MORENO/LOUIS
Consolidated Case No.: 17-cv-23923-MORENO/LOUIS

ROBERT SCHULTZE and MARIO ALBAN,

      Plaintiffs,

vs.

2K CLEVELANDER, LLC,

      Defendant.

_____/

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

      Plaintiffs, Robert Schultze and Mario Alban, pursuant to the Court's Order of Continuance and Order Revising Pretrial Deadlines [D.E. 92], respectfully submit their Proposed Jury Instructions.  Plaintiffs respectfully request the right to supplement and modify these instructions as necessary and appropriate.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court using CM/ECF and thereby served to all counsel of record on September 28, 2018.

                      Respectfully submitted,

                      **LAW OFFICES OF PAUL A. SACK, P.A.**
                      1130 Washington Avenue, Suite 3
                      Miami Beach, Florida 33139
                      Telephone: 305-397-8077

                      */s/ Paul A. Sack, Esq.*
                      Paul A. Sack, Esq.
                      Fla. Bar. No.: 363103
                      Primary: paul@paulsacklaw.com
                      ps1619@bellsouth.net

**INSTRUCTION NO 1**
**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

<u>Members of the jury</u>:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty</u>:

It is your duty to listen to the evidence, decide what happened, and apply the law to the facts. It is my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone say, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them. First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did- unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks

the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.


## PLAINTIFF'S DESCRIPTION OF THE CASE

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. I will first read to you Plaintiffs' description of the case.

Plaintiffs, Mario Alban and Robert Schultze, worked for the Clevelander Hotel and Restaurant.  Mr. Alban worked as a bartender, and Mr. Schultze worked as a barback.

Mr. Alban and Mr. Schultze allege that the Defendant rarely paid the Plaintiffs any hourly wage at all, and, therefore, that the Defendant owes the Plaintiffs unpaid minimum wages.

The Plaintiffs allege that the Clevelander relied almost entirely on customer tips to compensate the Plaintiffs—without paying any hourly wage—and that, therefore, they are owed unpaid minimum wages.

The Plaintiffs also allege that the Clevelander did not pay them overtime wages for the overtime hours that they worked.

In response to the Defendant's argument that it did not have to pay overtime because of the "Retail Service Overtime Exemption", Plaintiffs argue that they are not subject to any overtime exemption because they were paid almost exclusively tips, including discretionary service charges, and that tips cannot satisfy the exemption.  They also argue that they are not subject to any overtime exemption because the Clevelander did not satisfy the requirements of the exemption; never correctly used any actual pay formula to pay them; and that the Clevelander miscalculated employee pay every day.

Mr. Alban and Mr. Schultze also allege that the Clevelander forced them to work off-the-clock and that they are owed unpaid minimum wages and overtime wages for these hours worked.

**<u>DEFENDANT'S DESCRIPTION OF THE CASE</u>**

**[ . . .]**

*[NOTE: BURDEN OF PROOF MOVED FROM HERE]*

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating.

You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to- face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important

that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiffs, Mario Alban and Robert Schultze, will present their witnesses and ask them questions. After the Plaintiffs question the witness, Defendant, The Clevelander, may ask the witness questions—this is called "cross- examining" the witness. Then the Defendant will present its witnesses, and the Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Source:** 11th Circuit Civil Pattern Jury Instructions (2013) 1.1 (modified – burden of proof moved to separate instruction)

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 2**
**JURY QUESTIONS**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.
- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Source:** 11th Circuit Civil Pattern Jury Instructions
(2013) 1.4

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 3**
**THE DUTY TO FOLLOW INSTRUCTIONS**
(Corporate Party Involved)

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Source:** 11th Circuit Civil Pattern Jury Instructions (2013) 3.2.2

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 4**
**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE;**
**ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Source: 11th Circuit Civil Pattern Jury Instructions (2013) 3.3

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 5**
**USE OF DEPOSITIONS**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source: 11th Circuit Civil Pattern Jury Instructions (2013) 2.2

APPROVED
DENIED
GIVEN AS MODIFIED

## INSTRUCTION NO. 6
## USE OF INTERROGATORIES

During the trial, you may hear answers that the Plaintiffs or the Defendant gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, both the Plaintiffs and the Defendant gave the answers in writing while under oath.

You must consider the Plaintiffs and Defendant's answers as though they gave the answers on the witness stand.

Source: 11th Circuit Civil Pattern Jury Instructions (2013) 2.6 (modified)


APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 7**
**CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?
-

Source: 11th Circuit Civil Pattern Jury
Instructions (2013) 3.4


APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 8**
**IMPEACHMENT OF WITNESSES**
(Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Source: 11th Circuit Civil Pattern Jury Instructions (2013) 3.5.1

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 9**
**BURDEN OF PROOF**
**(CLAIMS AND AFFIRMATIVE DEFENSES)**

Robert Schultze and Mario Alban have the burden of proving their case by what the law calls a "preponderance of the evidence." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that each respective claim is more likely true than not true.

To decide whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the Clevelander has the burden of proving the elements. I'll instruct you on the facts that the Clevelander must prove for any affirmative defense.  The Clevelander is responsible for proving its defense that each Plaintiff was exempt from entitlement to overtime compensation by "clear and affirmative" evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. After considering all the evidence, if you decide that the Clevelander has successfully proved that the required facts are highly probable or reasonably certain, the affirmative defense is proved.

In deciding whether any fact has been proved by a preponderance of the evidence or by clear and affirmative evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

Source: 11th Circuit Civil Pattern Jury Instructions (2013) 3.7.1 (modified); The standard of proof for [FLSA exemption] is clear and convincing evidence." Gonzalez v. Bastmasian, No. 16-cv-81696- MIDDLEBROOKS, 2017 WL 1240095 at *3, n.1 (March 29, 2017) citing Klinedinst v. Swift Investments, Inc., 260 F.3d 1251, 1254 (11th Cir. 2001) ("clear and affirmative evidence"; Shockley v. City of Newport, 997 F.2d 18, 21 (4th Cir. 1993) ("clear and convincing evidence that an employee qualifies for exemption.")["highly probable"/ "reasonably certain" is an excerpt from 11th Circuit Civil Pattern Jury Instructions (2013) 1.2

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 10**
**STIPULATIONS**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case. The parties have stipulated to the following facts:

A.  At all times material, Defendant was a hotel, which was also engaged in the

restaurant and bar industry in Miami Beach, Florida.

B.  At all times material, both Plaintiffs were employees of the Defendant and the

Defendant was the employer of the Plaintiffs, as those terms are defined under

the Fair Labor Standards Act.

C.  The Federal minimum wage during the Plaintiffs employment with Defendant

was $7.25 per hour.

Source: 11th Circuit Civil Pattern Jury Instructions (2013) 1.4

Joint Pretrial Stipulation, Docket. No. XX.

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 11**
**ELEMENTS OF FAIR LABOR STANDARDS ACT CLAIM**

In this case, Robert Schultze and Mario Alban claim that The Clevelander did not pay them minimum wages and overtime pay as required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on their minimum wage claims against The Clevelander, each Plaintiff must prove the following facts by a preponderance of the evidence:

The Clevelander failed to pay each respective Plaintiff the minimum wage required by law. The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour.

To succeed on their overtime wage claims against The Clevelander, each Plaintiff must prove the following facts by a preponderance of the evidence: The Clevelander failed to pay each respective Plaintiff overtime pay required by law.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The amount of damages is the difference between the amount each Plaintiff should have been paid and the amount each Plaintiff was actually paid.

**Source:** 11th Circuit Civil Pattern Jury Instructions (2013) 4.14 (modified)

APPROVED
DENIED
GIVEN AS MODIFIED

## INSTRUCTION NO. 12
## DEFINITION OF HOURS WORKED

"Hours worked" means all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed.

    **Source:** Anderson v. Mount Clemens Pottery Co., 328 U.S. 680 (1946); Armour & Co. v. Wantock, 323 U.S. 126, 133 (1944); see also IBP, Inc. v. Alvarez, 546 U.S. 21, 25 (2005) (citing Anderson and Wantock with approval); 29 U.S.C. §§ 203(g), 254; see also 29 C.F.R. pts. 553 & 785.

APPROVED
DENIED
GIVEN AS MODIFIED


## INSTRUCTION NO. 13
## TIPS CANNOT SATISFY FLSA OBLIGATIONS

    Tips or Gratuities are not considered wages paid by the Clevelander and cannot satisfy its minimum wage or overtime obligations under the Fair Labor Standards Act.

**Source:** 29 CFR 531.59 (tips may partially offset an employer's minimum wage and overtime obligations in the event that an employer implements a 'tip credit'). 'Tip credits' are not an issue in this case.

APPROVED
DENIED
GIVEN AS MODIFIED

## INSTRUCTION NO. 14
## STATUTE OF LIMITATIONS

The Plaintiffs bear the burden of showing that the Defendant's conduct was willful for purposes of the statute of limitations.  An employer acts willfully, for purposes of establishing the proper statute of limitations, where he or she knows or shows reckless disregard for whether his or her actions are unlawful under the Fair Labor Standards Act.  If the Defendant's actions were willful, the three-year statute of limitations applies; otherwise, the two-year statute of limitations is applicable.

**Source:** 29 U.S.C. § 255(a); Gilbert v. City of Miami Gardens, 625 Fed.Appx. 370, 372 (11th Cir. 2015)

APPROVED
DENIED
GIVEN AS MODIFIED

## INSTRUCTION NO. 15
## BURDEN SHIFTING BASED ON ACCURACY
## AND ADEQUACY OF RECORDS

The law requires employers to keep records of how many hours its employees work and the amount they are paid.  If you find that the Clevelander's records are inaccurate or inadequate, Mario Alban and Robert Schultze may show the amount and extent of their respective work as a matter of just and reasonable inference.  The burden then shifts to the Clevelander to come forward with the precise amount of work performed or with evidence to negate the reasonableness of the inference.

**Source:** Del Rosario v. Labor Ready Southeast, Inc., 124 F.Supp.3d 1300, 1306 (S.D. Fla. 2015); Perez v. Palermo Seafood, Inc., 548 F.Supp.2d 1340, 1346 (S.D. Fla. 2008) [both cases citing the United States Supreme Court in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88]

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 16**
**207(i) OVERTIME EXEMPTION**

The Clevelander is exempt from paying a respective Plaintiff overtime in a workweek in which more than forty hours were worked if it proves by clear and affirmative evidence that that respective Plaintiff was subject to the "Retail Service Overtime Exemption" for that workweek. In order to prove that a Plaintiff was subject to the "Retail Service Overtime Exemption" in a workweek, the Clevelander must prove that (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under the Fair Labor Standards Act, and (2) more than half his compensation for a representative period, of not less than one month, represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

The "Retail Service Overtime Exemption" is also referred to as the "207(i) Exemption" or "7(i) Exemption".

**Source: 29 U.S.C. § 207(i)**

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 17**
**DISCRETIONARY SERVICE CHARGES**

If payment of a service charge is within the customer's discretion, it is not a "commission", it is a "gratuity" or "tip." A discretionary service charge is not a "commission" for purposes of the "Retail Service Overtime Exemption".

**Source:** Soliman v. SOBE Miami, LLC, 312 F.Supp.3d 1344 (S.D. Fla. 2018)("If payment of a service charge is within the customer's discretion, it is not a "commission," it is a "gratuity" or "tip."); Robert Schultze and Mario Alban v. 2K Clevelander, LLC, No. 17-22684-civ-MORENO/LOUIS, D.E. 101 (September 26, 2018) adopting Report and Recommendation (D.E. 84) in Case No. 17-22684 and Report and Recommendation (D.E. 72) in Case No. 17-23923.; Shehata v. SOBE Miami, LLC, No. 17-23175-Civ-SCOLA (June 14, 2018)

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 18**
**FLSA RIGHTS CANNOT BE WAIVED BY CONTRACT**

The Plaintiffs cannot waive their rights under the Fair Labor Standards Act by agreement or contract. Therefore, the Plaintiffs cannot be considered subject to the "Retail Sales Overtime Exemption" merely by reason of signing an agreement or merely by reason of agreeing to a contract.

**Source:** Barrentine v. Arkansas—Best Freight Sys., Inc., 450 U.S. 728, 740 (1981)("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."); Holladay v. Burch, Oxner, Seale Co., CPA's, PA, No. 4:07-cv-03804-RBH, 2009 WL 614783, at *5 (D.S.C. Mar. 6, 2009); Bertrand v. The Children's Home, 489 F.Supp.2d 516, 521 n.3 (D.Md. 2007)

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 19**
**OVERTIME EXEMPTION (WEEKLY BASIS)**

Whether or not each respective Plaintiff's employment was exempt from overtime payments is typically determined on a weekly basis. Accordingly, you may determine that The Clevelander satisfied the requirements for the Retail Service Exemption during some weeks of each Plaintiff's employment, but did not satisfy the requirements for the Retail Service Exemption during other weeks of each Plaintiff's employment.

The Clevelander is excused from paying overtime to each respective Plaintiff for those weeks that it proves that the respective Plaintiff is exempt under the Retail Service Exemption.

**Source:** 29 C.F.R § 778.104

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 20**
**"RETAIL SERVICE OVERTIME EXEMPTION" IS**
**NOT A MINIMUM WAGE EXEMPTION**

The "Retail Service Overtime Exemption", also known as the 7(i) exemption, is an overtime exemption. It is not a minimum wage exemption. The "Retail Service Overtime Exemption" does not excuse an employer from fulfilling its obligation to pay minimum wages under the Fair Labor Standards Act.

**Source:** 29 U.S.C. § 207(i) (exemption from overtime, not minimum wage)

APPROVED
DENIED
GIVEN AS MODIFIED

**PLAINTIFF'S INSTRUCTION NO. 21**

**RATE OF PAY**

Each respective Plaintiff's "regular rate" for one week is the basis for calculating any overtime pay due to the respective Plaintiff. The 'regular rate' for a week is determined by dividing the total non-tip wages paid for the week by the total number of hours the weekly salary was intended to compensate.

11th Circuit Civil Pattern Jury Instructions 4.14 [pg. 241-242] (modified with "non-tip")

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 22**
**DUTY TO DELIBERATE**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Source:**       11th Circuit Civil Pattern Jury Instructions (2013) 3.8.1

APPROVED
DENIED
GIVEN AS MODIFIED

**INSTRUCTION NO. 23**
**CONCLUDING INSTRUCTION (BEFORE FINAL ARGUMENT)**

That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

Source: Florida Supreme Court Jury Instructions 601.5

APPROVED

DENIED

GIVEN AS MODIFIED

**INSTRUCTION NO. 24**
**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM(S)**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Source: 11th Circuit Civil Pattern Jury Instructions (2013) 3.9

APPROVED
DENIED
GIVEN AS MODIFIED