UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-22684-MORENO/LOUIS

ROBERT SCHULTZE and MARIO ALBAN,

    Plaintiffs,

vs.

2K CLEVELANDER LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Plaintiffs Robert Schultze and Mario Alban's Omnibus Motions *in Limine* (ECF No. 77; *Alban*[1], ECF No. 45) and Defendant 2K Clevelander LLC's Motion *in Limine* (ECF No. 76). On March 19, 2018, the Honorable Federico A. Moreno, United States District Judge, referred all pretrial matters to the undersigned Magistrate Judge (ECF No. 65). Upon consideration of the briefing, the pertinent parts of the record, and being otherwise fully advised in the premises, it is the undersigned's recommendation that Plaintiffs' Omnibus Motions *in Limine* be **GRANTED IN PART** and **DENIED IN PART**; and Defendant's Motion *in Limine* be **DENIED WITHOUT PREJUDICE**, as explained below.

**I.    BACKGROUND**

    Plaintiffs Robert Schultze and Mario Alban allege violations of the overtime provision under the Fair Labor Standards Act ("FLSA"). Plaintiffs were employed by Defendant and worked overtime hours periodically, but were not paid at an overtime rate for these hours.

---

[1] The present case, *Schultze v. 2K Clevelander, LLC*, was consolidated with the related matter *Alban v. 2K Clevelander, LLC*, No. 17-cv-23923-MORENO on August 10, 2018 (ECF No. 91). The parties' respective motions were filed prior to the consolidation order.

1

Plaintiffs were paid pursuant to a commission system derived from a percentage of the checks paid by customers. The parties dispute whether Plaintiffs were properly classified as "exempt" under 29 U.S.C. § 207(i) ("7(i) exemption"); if they were, Defendant's failure to pay them at the overtime rate for these hours would not have violated the FLSA. Plaintiff Alban additionally brings a state-law claim for unpaid wages, alleging that Defendant failed to pay him based on the hours he actually worked, but rather calculated his wages from a manually-populated "commission spreadsheet" that demonstrably contradicted the hours captured by Defendant's timeclock system.

Plaintiff Schultze filed his first motion *in limine* on March 14, 2018 (ECF No. 64), with respect to which the undersigned has issued a Report and Recommendation (ECF No. 89). Schultze filed this omnibus motion *in limine* on July 19, 2018 (ECF No. 77). Plaintiff Alban similarly filed an omnibus motion *in limine*, *see Alban*, ECF No. 45, which overlaps substantively with Schultze's motion, raising several of the same issues raised by Schultze. Defendant filed responses to both omnibus motions *in limine* (ECF No. 79; *Alban*, ECF No. 58), and Plaintiffs have replied (ECF No. 82; *Alban*, ECF No. 59).

Defendant filed its motion *in limine* in the present case on July 19, 2018 (ECF No. 76), which Plaintiff Schultze opposed on August 2 (ECF No. 80). Defendant filed its reply on August 9 (ECF No. 81). Defendant did not file a motion *in limine* in *Alban*.

Following consolidation of the two cases, Plaintiff Alban filed a Notice of Pending Motions in the present case on September 13, 2018 (ECF No. 98), which incorporated his pending omnibus motions *in limine*. Together with Schultze's motion and Defendant's motion, these matters are ripe for adjudication.

## II.   DISCUSSION

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) "The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Santiago v. Sanders*, No. 14-61505-CIV, 2015 WL 12860500, at *1 (S.D. Fla. Apr. 16, 2015) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). In many respects, the true relief requested by Plaintiffs in certain of their motions *in limine* is for the Court to convert the motion into a partial motion for summary judgment. Courts in this Circuit have rejected similar attempts to bring summary judgment motions wrapped "in the clothing of a motion *in limine*." *Gold Cross Ems, Inc. v. Children's Hosp. of Alabama*, 309 F.R.D. 699, 702 (S.D. Ga. 2015).

### A.   Plaintiffs' Omnibus Motions *in Limine* (ECF No. 77; *Alban* ECF No. 45)

Plaintiff Schultze's omnibus motion presents five disputes, three of which are joined by Plaintiff Alban. First,[2] Plaintiffs seek an order limiting Defendant from advancing the parties' agreement as proof that Plaintiffs were exempt employees under the FLSA. Second, Plaintiffs seek an order precluding Defendant from offering proof that Plaintiffs were paid more than the average person (or juror) in Miami. Third, Plaintiffs seek a ruling that Defendant's "exemption policy" was unlawful. Plaintiff Schultze similarly seeks an order precluding Defendant from

---

[2] The grounds for "Motion *in Limine* #1" identified in both Plaintiffs' motions relate to the previously filed motion *in limine* (ECF No. 64), on which the undersigned has issued a Report and Recommendation (ECF No. 86). Thus, the undersigned recommends granting both Plaintiffs' "Motion *in limine* #1" without further discussion, and the first substantive issue at dispute herein is "Motion *in limine* #2."

arguing or presenting evidence that it paid Plaintiff pursuant to a "bona fide commission rate" as a sanction for Defendant's destruction of primary records of his commission calculation.

Finally, Schultze seeks an order prohibiting Defendant from presenting evidence that Schultze will seek attorneys' fees and costs. Because Defendant stipulates in its opposition that it will make no reference to attorneys' fees and costs at trial, the undersigned recommends Schultze's motion on that basis be granted without further discussion.

Plaintiff Alban additionally moves to preclude Defendant from testifying that Plaintiff was paid based on the hours he worked, and from arguing that Plaintiff's recovery under Count II is predicated by any issue relating to Count I.[3]

### 1. Schultze's Motion *in limine* #2 / Alban's Motion *in limine* #3: Defendant's Exemption Policy

Plaintiffs' first motion relates to the written document Defendant provided to its employees, including Plaintiffs, that set forth its commission policy. The parties agree that the "7(i) Exemption Policy," attached to Schultze's motion as Exhibit A (ECF No. 77-1), is admissible and may be advanced as proof of notice provided by Defendant of its intention to pay Plaintiffs pursuant to the terms of that Policy. Plaintiffs seek an order limiting Defendant from further arguing that the Policy, which each Plaintiff signed, is proof that in fact Plaintiffs were exempt, or what their regular rate of pay was. Otherwise stated, Plaintiffs seek an order precluding Defendant from arguing that its burden to prove applicability of the 7(i) exemption is either satisfied or obviated by Plaintiffs' execution of the 7(i) Exemption Policy. Defendant represents that it does not intend to advance the written policy for this purpose but does intend to

---

[3] In his Reply, Plaintiff Alban argues that his omnibus motion should be granted in its entirety because Defendant's response was untimely. Indeed, though Defendant's response was due on May 23, 2018, it was not filed until June 28, 2018. Local Rule 7.1(c) requires that "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." Though the Court would be well within its right to grant Plaintiff's motion by default, the undersigned nevertheless analyzes the motions taking into account the arguments Defendant made in its untimely response.

4

rely on the document as evidence of its "good faith": that "Defendant did not fail to disclose, make any material change as to how it compensates its employees without explanation and reciprocated agreement, or engage in any unfair, unscrupulous conduct in relation to its administration of its method of compensation." ECF No. 77 at 4.

Evidence of an agreement, between a defendant employer and its employee, not to pay overtime is not relevant to prove—or disprove—the employer's legal obligation to pay overtime under the FLSA because employers cannot contract out of their FLSA obligations. *See Santiago v. Sanders*, No. 14-61505-CIV, 2015 WL 12860500, at *3 (S.D. Fla. Apr. 16, 2015) (citing *Lynn Food Stores v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982)). Plaintiffs' acceptance and execution of Defendant's 7(i) Exemption Policy is not determinative on the question of their status as exempt employees under the FLSA; on this the parties agree. Accordingly, the undersigned recommends granting Schultze's motion *in limine* #2 / Alban's motion *in limine* #3, and prohibiting Defendant's use of evidence that Plaintiffs executed the 7(i) Exemption Policy (ECF No. 77-1) for the purpose of establishing that Plaintiffs were exempt employees under 207(i) of the FLSA.

      **2.**      **Schultze's Motion *in limine* #3 / Alban's Motion *in limine* #4: Income Comparison**

Plaintiffs move to preclude Defendant from arguing or testifying at trial that Plaintiffs were "paid more than the average person in Miami," or average juror in Miami, and making other income-related comparisons. Plaintiffs contend that because they have not brought claims for unjust enrichment or any other equitable claims, such comparisons would be irrelevant at trial and would only prejudice Plaintiffs. Defendant argues that income comparisons are relevant because, in arguing its 7(i) exemption defenses, it is necessary to compare Plaintiffs' compensation to that of minimum wage workers "*or other 'average person[s]'*." Opp. at 5.

Indeed, Defendant's entitlement to the affirmative defense depends in part on showing that Plaintiffs' regular rate of pay is in excess of 1.5 times the statutory minimum hourly rate.[4] Defendant further avers, without citation, that the relevant comparator is the "other average person," or other employees in the service industry. In their Replies, Plaintiffs clarify that the motion is not directed to Defendant's introduction of evidence that the Plaintiffs were paid 1.5 times the minimum wage. Rather, Plaintiffs seek to preclude Defendant from making imprecise and vague comparisons intended to incite an emotional response. For example, Defendant has argued in its pleadings, with respect to both Plaintiffs, that their salary would exceed the "median household income in Miami-Dade" if they worked 50 hours per week. ECF No. 46; *Alban*, ECF No. 41.

Evidence that Plaintiffs' regular rate of pay exceeded 1.5 times the statutory minimum wage is relevant and admissible, as Plaintiffs concede. Contrary to Defendant's unsupported assertion, this does not necessarily require a comparison of Plaintiffs' wages to average persons or households. Evidence that compares Plaintiffs' wages to that of the average household in Miami is not relevant to show Plaintiffs' qualification as exempt employees, and the potential for confusion and prejudice substantially outweighs any probative value. Accordingly, the undersigned recommend that the Court grant Schultze's motion *in limine* #3 / Alban's motion *in limine* #4.

---

[4] "No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 207 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services." 29 U.S.C. § 207(i).

### 3. Schultze's Motion *in limine* #4 / Alban's Motion *in limine* #6: Lawfulness of Defendant's 7(i) Exemption Policy

Plaintiffs seek to preclude Defendant from presenting evidence or argument that its 7(i) Exemption Policy complies with the FLSA. Plaintiffs quote a portion of the 7(i) Exemption Policy, establishing an artificial "regular rate" of pay that Defendant would pay Plaintiffs, if the other conditions of the 7(i) exemption were not satisfied for a particular period. Plaintiffs aver that this "artificial regular rate" provision of Defendant's 7(i) Exemption Policy misstates FLSA law and its admission would thus mislead the jury.

Plaintiffs acknowledge in their Replies that whether the Policy complies with the law is a question of law, not fact. Neither Plaintiff has moved for summary judgment on the grounds that the 7(i) Exemption Policy fails to comply with the FLSA, and the Court has made no rulings with respect to the lawfulness of Defendant's 7(i) Exemption Policy. To the extent Plaintiffs' motion *in limine* seeks a ruling that the Policy was unlawful, the Court should decline to consider what is tantamount to a summary judgment argument at this posture. Accordingly, the undersigned recommends that the Court deny Schultze's motion *in limine* #4 / Alban's motion *in limine* #6.

### 4. Schultze's Motion *in limine* #5: Proof of a Bona Fide Commission Rate

Plaintiff Schultze moves to preclude Defendant from presenting testimony that it paid Plaintiff pursuant to a bona fide commission rate, which is an element of the 7(i) exemption Defendant asserts as an affirmative defense. In this motion, Plaintiff Schultze[5] presents evidence that Defendant destroyed and shredded thousands of relevant documents, including the primary records his hours worked differed from the hours Defendant used to calculate Plaintiff's wages.

---

[5] Plaintiff Alban raised allegations of spoliation as well in his Motion to Strike, *Alban*, ECF No. 63, but did not move *in limine* on this basis.

Plaintiff avers that the destroyed documents contained crucial evidence pertaining to the implementation of the 7(i) exemption, including "point of sale summaries" that were used to calculate Plaintiff's daily pay, and notations on employees' hours and tips. Because Defendant destroyed these source documents, containing data that Defendant used to populate the commission spreadsheets, Plaintiff asks that Defendant be prohibited from "testifying or eliciting testimony that Defendant paid Plaintiff pursuant to a 'bona fide commission rate.'"

In response, Defendant denies that it has violated any legal requirement to keep the destroyed records, though admits that it did in fact destroy documents. Defendant avers that all of the data contained in the destroyed physical records are maintained in its computer systems. Further, Defendant argues that Plaintiff's motion is a "legal and factual argument opposed to an evidentiary issue" and thus is inappropriate for a motion *in limine*.

Notwithstanding the seriousness of the accusations, the relief sought is not warranted on this particular motion. Exclusion or limiting of testimony is a sanction available to redress a party's destruction of evidence (spoliation). *See United States Equal Employment Opportunity Comm'n v. GMRI, Inc.*, No. 15-20561-CIV, 2017 WL 5068372, at *22, 26 (S.D. Fla. Nov. 1, 2017). The party moving for spoliation sanctions has the burden to prove that (1) the missing evidence existed at one time; (2) the alleged spoliator had a duty to preserve the evidence; and (3) the evidence was "crucial" to the moving party being able to prove its prima facie case or defense, *Long v. Celebrity Cruises, Inc.*, No. 12-22807-CIV, 2013 WL 12092088, at *4 (S.D. Fla. July 31, 2013); in addition to showing bad faith on the part of the spoliator. *GMRI*, 2017 WL 5068372, at *22-24.

Prior to consolidation of these cases, Plaintiff Alban raised these allegations of spoliation moved for sanctions in his Motion to Strike. *Alban*, ECF No. 63. Following a hearing and

examination of all evidence submitted, the undersigned has made findings that spoliation occurred and recommended imposition of sanctions, specifically, that an adverse inference instruction be given to the jury that Defendant destroyed the cash out envelopes, and that it may infer that the documents destroyed were unfavorable to Defendant and favorable to Plaintiff. The undersigned did not, and does not, recommend as a sanction that Defendant be limited in presenting testimony or argument in support of its affirmative defense. For the reasons more fully set forth in the undersigned's Report and Recommendation (ECF No. 114) on the Motion to Strike, the prejudice to Plaintiffs as a result of Defendant's spoliation does not warrant a sanction as harsh as striking its answer, or its affirmative defense, and Plaintiff's relief requested herein is the functional equivalent of precluding Defendant from presenting its affirmative defense to the jury.

Accordingly, the undersigned recommends that Plaintiff's motion *in limine* #5 be denied.

### 5.    Alban's Motion *in limine* #2: Payment Based on Hours Worked

Plaintiff Alban moves to prohibit Defendant from testifying that it paid Plaintiff based on the number of timeclock hours he worked. As noted above, Plaintiff Alban's complaint alleges that Defendant owes him unpaid wages, as he alleges that Defendant relied on a "commission spreadsheet" to calculate his pay but that spreadsheet failed to accurately report the number of hours he actually worked, as memorialized by Defendant's timeclock system. Where Plaintiff alleges a claim for unpaid wages, Defendant's records of timekeeping, even secondary records, are relevant and generally will be admissible. *See Orellana v. Tecta Am. S. Fla., Inc.*, No. 10-20137-CIV, 2011 WL 13220457, at *2 (S.D. Fla. May 23, 2011).

Plaintiff contends that he would be unfairly prejudiced by testimony that his pay was based on the timeclock records because this is demonstrably false, citing to examples from the

record showing a discrepancy between the time captured by the timeclock and the entry on the commission spreadsheet for the same date. Defendant argues that, to the extent Plaintiff seeks to exclude testimony based on alleged contradictions, cross-examination is the appropriate forum to impeach on this disputed issue.

Plaintiff's arguments here echo those made in his motion for partial summary judgment: that the uncontroverted evidence proves that Defendant underpaid him. The undersigned disagreed that the evidence demonstrated the absence of a material disputed fact on this issue and recommended that the motion be denied. Similarly, the undersigned agrees with Defendant that the discrepancies between the documents are not grounds for precluding Defendant from advancing the evidence. The evidence of Defendant's records, including its timeclock records, are relevant to show documented hours that Plaintiff worked. Plaintiff advances only Rule 403 of the Federal Rules of Evidence to support his assertion that the Court should nonetheless preclude Defendant from presenting this evidence on the grounds that it may confuse or mislead the jury. Because Plaintiff has not demonstrated that the probative value of this evidence is substantially outweighed by the danger of prejudice or confusion, the undersigned recommends denying Alban's motion *in limine* #2.

### 6. Alban's Motion *in limine* #5: Recovery Under Unpaid Wages Count

Finally, Alban moves to prohibit Defendant from arguing that Plaintiff cannot recover under Count II, his common law claim for unpaid wages, due to any Count I issue, such as compliance with the FLSA, the 7(i) overtime exemption, or the existence of a bona fide commission rate. Plaintiff argues that to allow otherwise would prejudice him by misleading and confusing the jury because his claims under Count I and Count II are unrelated and independent of one another. In response, Defendant argues that Plaintiff raises a legal argument, as opposed

to an evidentiary issue, that has yet to be determined by the Court upon the parties' then-pending motions for summary judgment.

Plaintiff's motion is not directed to any specific evidence, but rather, appears to seek an anticipatory jury instruction that his unpaid wages claim is not determined by any issue under the FLSA. This relief is not properly sought on a motion *in limine* and accordingly, the undersigned recommends that the Court deny Alban's motion *in limine* #5.

### B. Defendant's Motion *in Limine* (ECF No. 76)

In its motion *in limine*, Defendant seeks to exclude all evidence and testimony in relation to Plaintiff Schultze's claim for damages outside of the three-year time period from July 18, 2014 to the date of Plaintiff filing his complaint—July 18, 2017. ECF No. 76 at 2. Defendant argues that any evidence outside of the time period is prejudicial because it would mislead the jury by bringing in evidence that is "barred by law in calculating damages," as only evidence between July 2014 and July 2017 is probative to show how Plaintiff was compensated. Defendant further contends that such evidence is irrelevant because Plaintiff cannot bring a claim for damages outside of three years, citing to *Lopez v. S. Fla. Shavings, Inc.*, No. 14-80614-CIV, 2015 WL 12866279, at *2 (S.D. Fla. June 24, 2015).

Plaintiff responds that Defendant's motion is overbroad, as it does not point to any specific evidence that it wants excluded. He further argues that evidence outside of the three-year statute of limitations period is relevant to show willfulness, lack of good faith, and notice. Defendant replies that it does not seek to exclude evidence outside of the three-year period for those purposes, but only moves to exclude evidence pertaining to damages. Plaintiff's only argument on damages is that evidence relating to hours worked prior to July 17, 2017, but paid *after* that date, would be improperly excluded if Defendant's motion were granted.

It is well taken that a willful violation of the FLSA has a statute of limitation of three years. *Lopez*, 2015 WL 12866279, at *2. However, the court in *Lopez* discussed this statute of limitations on a motion to dismiss, and did not rule on the admissibility of evidence outside of the three-year period. While evidence on damages outside the three-year period would be irrelevant to Plaintiff's claim, Defendant has not explained exactly what specific evidence it wishes to exclude. Accordingly, the undersigned recommends denying without prejudice Defendant's motion *in limine*, with leave to reargue at trial.

### III.   CONCLUSION

For the foregoing reasons, it is hereby recommended as follows:

1. Plaintiff Schultze's Omnibus Motion *in Limine* (ECF No. 77) should be **GRANTED IN PART and DENIED IN PART**.

    a. Motions *in limine* #1, 2, 3, and 6 should be **GRANTED**.

    b. Motions *in limine* #4 and 5 should be **DENIED**.

2. Plaintiff Alban's Omnibus Motion *in Limine* (*Alban*, ECF No. 45) should be **GRANTED IN PART and DENIED IN PART**.

    a. Motions *in limine* #1, 3, and 4 should be **GRANTED**.

    b. Motions *in limine* #2, 5, and 6 should be **DENIED**.

3. Defendant's Motion *in Limine* (ECF No. 76) should be **DENIED WITHOUT PREJUDICE**.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in

the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

    **RESPECTFULLY SUBMITTED** this 4th day of October, 2018.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE